COMMONWEALTH *vs.* WILLIAM E. BURROUGHS.
SAME *vs.* THOMAS B. BARTLETT.
SAME *vs.* MARGARET KENNEDY.

Worcester.   Oct. 3. — Nov. 22, 1887.   C. ALLEN & KNOWLTON, JJ.,
absent.

At the trial of a complaint for a violation of the law relating to intoxicating liquors, no exception lies to the refusal of the judge, after having put to the jurors the questions provided for by the Pub. Sts. *c.* 170, § 35, to ask them whether they are members of, or contributors to, any society or association having for its object the enforcement of the laws relating to intoxicating liquors.

THE FIRST CASE and THE SECOND CASE were complaints for keeping intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth.

THE THIRD CASE was a complaint for keeping and maintaining a certain tenement used for the illegal sale and for the illegal keeping of intoxicating liquor, the same being a common nuisance.

At the trial of each case, on appeal, in the Superior Court, before the jury were empanelled, the defendant moved the court to examine certain of the jurors specified by him, with a view to a challenge for cause with reference to their bias; and that the following questions might be put them for that purpose: " 1. Are you a member of any Law and Order League, so called ? 2. Do you contribute funds to any Law and Order League? 3. Are you a member of any society or association that has for its object, or one of its objects, the enforcement of the laws of the Commonwealth relating to the sale of spirituous and intoxicating liquors ?   4. Do you contribute to any society or association which has for its object, or one of its objects, the enforcement of the laws of the Commonwealth relating to the sale of spirituous and intoxicating liquors ? "

The presiding judge refused to ask the jurors these questions; but put to them the questions specified in the Pub. Sts. *c.* 170, § 35, which questions they answered in the negative; and the jurors remained in the panel.

The jury returned a verdict of guilty in each case; and the defendant alleged exceptions.

*J. Hopkins*, for Burroughs.

*J. R. Thayer*, for Bartlett.

*D. F. O' Connell*, for Kennedy.

*A. J. Waterman*, Attorney General, for the Commonwealth.

DEVENS, J. The Pub. Sts. *c.* 170, § 35, provide that the court shall, on motion of either party in a suit, examine on oath each person who is called as a juror therein on certain subjects, and adds, " the party objecting to the juror may introduce any other competent evidence in support of the objection." The inquiries thus provided for were, in the cases at bar, made by the presiding judge. The defendants then moved that certain other questions should be submitted to the jurors, as they stated, with a view to a challenge for cause in relation to their bias, which questions the judge declined to put. It would be sufficient in these cases to say that replies to the questions themselves, however answered, would not have afforded any reason to reject the jurors. It would have been necessary to supplement them by evidence that the league or association of which the jurors might admit themselves to be members had, through some of its agents, initiated, or was then conducting, the prosecution of the individual defendants. The defendants neither offered, nor did they by their motions, or by any suggestion, propose to offer such evidence.

We are not, however, disposed to rest the matter upon so narrow a ground.

While the statute permits, after the statutory questions have been propounded, the party to a suit to introduce any other competent evidence, it was not intended to give him the right to submit the juror to an inquiry in the nature of a cross-examination, in order to ascertain if he could not thereby elicit something tending to show bias or prejudice on the part of the juror. The other competent evidence which he may of right introduce is that obtained from other sources than from an examination of this character. Undoubtedly the presiding judge, if he deems it desirable in determining whether a juror stands as impartial, may himself examine or permit an examination of the juror beyond the inquiries provided for expressly by the

statute; but beyond these statutory provisions the whole matter of such examination is left to his sound judgment and judicial discretion.

The trials in the cases at bar occurred before the passage of the St. of 1887, c. 149.*  It.is unnecessary to consider how this statute will hereafter affect similar examinations.

*Exceptions overruled.*

―――――

* This statute, which took effect on October 1, 1887, enacts that " the examination of jurors provided for by " the Pub. Sts. c. 170, § 35, " may be made by the parties or their attorneys under the direction of the court."