COMMONWEALTH *vs.* DARREN E. MCTIGUE. December 21, 1981. A jury convicted McTigue of two counts each of armed robbery, armed burglary, and confining and putting the victims in fear with intent to commit larceny. He was sentenced to Massachusetts Correctional Institution, Walpole, to serve terms of not less than ten years nor more than fifteen years on each conviction, to run concurrently with the first conviction. On appeal, the defendant claims that the trial judge erred by permitting the prosecution to impeach him with four prior convictions. He also claims error in the judge's ruling that he could not use a prior conviction to impeach a witness called by the defense. We granted direct appellate review. We affirm the convictions.

1. Pursuant to G. L. c. 233, § 21, the prosecutor may use prior convictions to impeach the testimony of a defendant who takes the stand. "The claim that the operation of G. L. c. 233, § 21, . . . denies due process of law to a criminal defendant who is impeached by a prior conviction has been rejected by this court and by the Supreme Court of the United States. *Commonwealth* v. *Boyd*, 367 Mass. 169, 174-175 (1975)." *Com-*

---

monwealth v. *Chase,* 372 Mass. 736, 749 (1977). A judge may exclude convictions "to avoid any question of unfairness . . . where the likely prejudice . . . is most intense." *Commonwealth* v. *Chase, supra* at 750. See *Commonwealth* v. *Diaz,* 383 Mass. 73, 77 (1981). But "the refusal of a trial judge to exercise [that] 'right' . . . is not a basis for appeal." *Id.* "If a conviction is admissible under the statute, a judge may exclude it, but it is not error to admit it." *Commonwealth* v. *Tabor,* 376 Mass. 811, 824 (1978).

2. The judge refused to permit McTigue to impeach with a prior conviction a witness whom he had called. See G. L. c. 233, § 23. Citing *Commonwealth* v. *Cadwell,* 374 Mass. 308 (1978), the defendant argues that he should have been allowed to impeach the witness. There was no error. In *Cadwell,* the witness's criminal record was brought out "to avoid having the jury draw the inference that the party calling the witness had misled or deceived the jury as to the background of the witness." *Commonwealth* v. *Blodgett,* 377 Mass. 494, 502 (1979). We did not regard this interrogation "as an impeachment of the prosecution's own witness prohibited by G. L. c. 233, § 23." *Commonwealth* v. *Cadwell, supra* at 312. In this case McTigue's sole purpose was to impeach the witness's credibility. McTigue did not attempt to bring out the record as an anticipatory tactic.[1]

McTigue also relies on *Chambers* v. *Mississippi,* 410 U.S. 284 (1972), as supporting his claim that the application of G. L. c. 233, § 23, in this case violated his right to a fair trial. We disagree. The defendant was able to impeach the witness with prior inconsistent statements and by the testimony of other witnesses. The judge carefully instructed the jury that McTigue was not bound by the witness's statements.

Finally, there is no support in the record that the witness was biased. See *Commonwealth* v. *Santos,* 376 Mass. 920, 926 n.7 (1978); *Commonwealth* v. *Cheek,* 374 Mass. 613, 615 (1978). Thus, the exclusion of the witness's prior conviction did not violate the defendant's right to show bias. See *Commonwealth* v. *Haywood,* 377 Mass. 755, 760 (1979). Cf. *Commonwealth* v. *Joyce,* 382 Mass. 222, 228-229 (1981); *Commonwealth* v. *Hogan,* 379 Mass. 190, 191-192 (1979).

In conclusion, the evidence against McTigue was exceedingly strong. There was no error in the judge's rulings either singly or combined.

*Judgments affirmed.*

*Patricia A. O'Neill* for the defendant.

*Beth A. Saltzman,* Assistant District Attorney, for the Commonwealth.

---

[1] The use of prior convictions as an anticipatory tactic is within the judge's discretion. See *Commonwealth* v. *Coviello,* 378 Mass. 530, 532-533 (1979).