COMMONWEALTH *vs.* JOHN L. McFARLAND. February 24, 1983. This appeal questions the propriety of the trial judge's ruling with respect to the defendant's motion to exclude evidence of a prior criminal conviction which could have been used under G. L. c. 233, § 21, to impeach his credibility had he chosen to testify.

About thirteen months prior to this trial, the defendant entered a plea of guilty to, and was sentenced on, a charge of larceny from the person on a complaint which originally charged him with unarmed robbery. The motion in issue sought a pretrial ruling (as suggested by *Commonwealth v. Diaz*, 383 Mass. 73, 81 [1981]) barring use of the conviction to impeach because "the introduction of any convictions would impede [the defendant's] ability to testify in his own defense." The text of the motion cited *Commonwealth v. Chase*, 372 Mass. 736 (1977), as authority for the relief sought. In his argument on the motion, defense counsel again directed the judge's attention to *Commonwealth v. Chase, supra*, "and subsequent cases," and stated that the *Chase* line of cases gave the judge "discretion"

to exclude use of the conviction "when there is a nexus between the offense for which the defendant is being tried and the offense for which the conviction occurs." Defense counsel further expressed his view that the defendant's testimony was "most important" to the outcome of the trial, and argued that denying the motion would prejudice the defendant by "chill[ing] his willingness to testify." The prosecutor countered by arguing that credibility would be the central issue in the trial, that the fact of the conviction would probably come to light in testimony about the victim's identification at the Dorchester District Court, and that the conviction might be used "in impeachment of [the defendant's] alibi witnesses." The prosecutor concluded his argument as follows: "So I would say to you, Judge, . . . [G. L. c. 233, § 21] is very explicit. It says 'shall.' We are bound to interpret these statutes literally and to follow them notwithstanding the *Chase* case, which is not a clear direction to you or any of us." Shortly thereafter the judge denied the motion, noting that "until the Legislature accepts the Supreme Judicial Court's invitation to deal with an amendment to . . . [G. L. c. 233, § 21], I feel that I am bound by the simple terms of that statute." The defendant objected to the denial of the motion.

1. The judge's ruling reflects adoption of the prosecutor's obfuscation of the relevant law and constituted error. Had the prosecutor represented the law to the judge correctly, the judge would have been aware of his right to exclude the conviction "to avoid any question of unfairness . . . in a situation where the likely prejudice to the defendant is most intense." *Commonwealth* v. *Chase*, 372 Mass. at 750. That right has been restated and emphasized in a number of cases decided after *Chase* and well prior to the April, 1982, trial of this case. See *Commonwealth* v. *Leno*, 374 Mass. 716, 717 (1978); *Commonwealth* v. *Tabor*, 376 Mass. 811, 824 (1978); *Commonwealth* v. *Diaz*, 383 Mass. at 80; *Commonwealth* v. *McTigue*, 384 Mass. 814 (1981); *Commonwealth* v. *Jakimenko*, 6 Mass. App. Ct. 924 (1978); *Commonwealth* v. *Cavanaugh*, 7 Mass. App. Ct. 33, 34 (1979). We do not think anything in the prosecutor's argument conveyed the impression that the judge could act to exclude the conviction. We also see no basis in the words spoken by the judge to support a conclusion that he correctly understood the scope of his right with respect to exclusion of prior convictions of a defendant who wishes to testify. "It is one thing to consider that right and exercise it either way, but having been given that right, analogous to discretion, it is the duty of the judge to exercise it, and it is error as a matter of law to refuse to exercise it. See generally *Commonwealth* v. *Fontain*, 127 Mass. 452, 455 (1879); *Peterson* v. *Cadogan*, 313 Mass. 133, 134 (1943); *Commonwealth* v. *Fillippini*, 1 Mass. App. Ct. 606, 611 (1973)." *Commonwealth* v. *Edgerly*, 13 Mass. App. Ct. 562, 571-572 (1982). Here the action on the motion stemmed from a ruling by the judge that he had no right, "[a]nd error in ruling that no discretion exists is an error of law." *Long* v. *George*, 296 Mass. 574, 578 (1937), and cases cited.

2. The Commonwealth does not argue that the judge's error is harmless. That argument is wisely avoided in view of the defendant's failure to testify, the resemblance of the prior offense and its proximity in time to the pending charge of armed robbery, and the close question presented by the evidence on the dispositive issue of identification. That issue appeared to hinge primarily upon the similarity between the clothing worn by the defendant when observed at the probation department and that worn by the perpetrator. The identification issue further required jury consideration of the testimony of a teacher and the director of a social program that the defendant was with them some distance from the scene when the crime was committed and that they had never seen him wear clothing like that described by the victim. The Commonwealth does argue (1) that the defense counsel did not make a proper objection to the judge's order, and (2) that had the judge known the correct standard he would have denied the motion anyway because the jury could have inferred that the defendant had a prior criminal record from the circumstances of his identification in the probation office of the Dorchester District Court. We have no hesitation in concluding, in view of the argument made by defense counsel in support of the motion and his discussion of the *Chase* case, that his objection to the judge's action was timely and specific enough to preserve the issue for appellate review. The Commonwealth's second argument, speculating on what the judge might have done had he correctly apprehended the right afforded him by the *Chase* decision is unpersuasive. For all we know, the judge might have applied the factors relevant to a motion of this sort (as discussed in the *Diaz* case, *supra* at 81) to exclude use of the conviction. Nothing else argued by the Commonwealth convinces us that a new trial should be denied the defendant.

*Judgment reversed.*

*Verdict set aside.*

*Brownlow M. Speer* for the defendant.

*Ellen Donahue,* Assistant District Attorney, for the Commonwealth.