## COMMONWEALTH *vs.* KURT KING.

Norfolk. February 7, 1984. — April 17, 1984.

Present: WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Request for fees and costs, Examination of jurors, View, Capital case. *Evidence,* Prior conviction. *Homicide.*

The judge in a murder case did not err in declining to rule at the start of the trial on the defendant's motion for allowance of compensation to the defendant's investigator so that the investigator would sit with defense counsel during the trial or during the presentation of the defendant's case. [692-693]

The judge in a murder case did not abuse his discretion in denying defense counsel the opportunity to examine prospective jurors. [693]

Although during examination of prospective jurors in a murder case the answer of one juror to a question presented possible grounds for her disqualification, the judge was not required to question her further, as requested by the defendant, where the judge stated that he would excuse the prospective juror if the defendant chose to challenge her for cause. [693-694]

At the trial of an inmate at M.C.I., Walpole, for the murder of another inmate, the judge did not abuse his discretion in denying the defendant's motion that the jury take a view of the prison at Walpole. [694]

The judge in a murder case was not required to act on the defendant's motion to exclude evidence of his prior criminal convictions before evidence of the convictions was offered. [694-695]

This court declined to exercise its power under G. L. c. 278, § 33E, to reduce a verdict of first degree murder to manslaughter or murder in the second degree, although before trial the prosecutor had offered the defendant a chance to plead guilty to manslaughter. [695-696]

INDICTMENT found and returned in the Superior Court Department on February 8, 1982.

The case was tried before *John Paul Sullivan, J.*

*John F. Palmer* for the defendant.

*Judith A. Cowin,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of murder in the first degree of a fellow inmate in the Massachusetts Correctional Institution at Walpole. The issues he argues on appeal largely concern claims that the trial judge abused his discretion in making various rulings. He also argues that, pursuant to G. L. c. 278, § 33E, we should direct the entry of a verdict of manslaughter or murder in the second degree. There was no error, and there is no basis for reducing the verdict.

1. The judge did not err in declining to rule at the start of the trial on the defendant's motion for allowance of compensation to the defendant's investigator so that he would sit with defense counsel during the trial or, as later proposed, during the presentation of the defendant's case. The judge authorized the investigator to sit at the counsel table but deferred ruling on the question of compensation. The investigator apparently did not sit with defense counsel at any time during the trial.[1]

Defense counsel presented no affidavit in support of the need for the presence of his investigator. See G. L. c. 261, § 27B, second par. Nor was it clear why advance approval of the investigator's charges for attending the trial was essential. A pretrial motion for funds for an investigator had been allowed in the amount of $500. On the fourth day of trial, on the filing of an affidavit of the investigator, the judge allowed over $2,000 to pay for services (and related expenses) of the investigator that had already been rendered. It is apparent that the investigator had been willing to work without advance assurance of payment.

The defendant simply failed to make a proper showing in support of his request for advance approval of funding of the expense of having his investigator present at the trial. Certainly the judge did not abuse his discretion in declining to act on the request in advance. We need not consider, therefore, whether

---

[1] We shall assume that the issue is properly here on appeal. Cf. G. L. c. 261, § 27D. See *Commonwealth* v. *DeWolfe,* 389 Mass. 120, 125 n.4 (1983); *Commonwealth* v. *Lockley,* 381 Mass. 156, 159-160 (1980). An interlocutory appeal of the judge's refusal to act would not have been feasible. On the other hand, the motion could have been presented earlier than the first day of trial.

we would adopt the rather heavy burden imposed on defendants in the Federal courts that reversible error in such a case may be shown only by clear and convincing evidence that the defendant was prejudiced by the denial of funds. See *United States* v. *Canessa,* 644 F.2d 61, 64 (1st Cir. 1981), and cases cited. The defendant concedes that he has made no showing of prejudice.

2.  The judge did not err in his handling of jury selection. He did not abuse his discretion in denying defense counsel the opportunity to examine prospective jurors. See *Commonwealth* v. *Walker,* 370 Mass. 548, 573, cert. denied, 429 U.S. 943 (1976); *Commonwealth* v. *Nassar,* 354 Mass. 249, 253-254 (1968), cert. denied, 393 U.S. 1039 (1969). The judge had the right, of course, to permit defense counsel to question prospective jurors. See G. L. c. 234, § 28; *Commonwealth* v. *Burroughs,* 145 Mass. 242, 243-244 (1887). The defendant made no showing, or even a claim, of any special circumstances requiring a departure from the regular practice in this Commonwealth of placing the questioning of prospective jurors in the control of the judge. In the absence of such a showing, a trial judge will have adequately exercised his discretion simply by announcing, as this trial judge did, that he is adhering to the usual practice. Of course, the trial judge must not abuse his discretion in refusing to put additional questions to members of the venire in particular circumstances. See *Commonwealth* v. *Nassar, supra* at 254; G. L. c. 234, § 28.

The defendant argues further that the judge declined to question prospective jurors adequately in the course of individual voir dire examinations. We have reviewed the transcript of the voir dire examinations of individual jurors and find no improper refusal to ask further questions of jurors. With one exception we are about to discuss, no juror was seated who, as it is claimed, was not questioned adequately. See *Commonwealth* v. *Amazeen,* 375 Mass. 73, 83-84 (1978).

The answer of one prospective juror to a question asked of all jurors presented possible grounds for her disqualification, assuming she understood the question. The judge stated that, if the defendant challenged for cause, he would excuse the pro-

spective juror. But defense counsel insisted that the judge question the juror further, stating that he thought she had misunderstood the question. The judge declined to do so, and, after specific inquiry by the judge, the defendant made the choice not to challenge the juror. She sat on the jury.

The judge was not obliged to pursue the inquiry of the juror and, in his discretion, he could conclude that the defendant should make his choice to challenge the juror or to accept her. There was no violation of G. L. c. 234, § 28. The question pointed out to the prospective juror that some witnesses would be law enforcement officers and others would be prison inmates and inquired whether she would tend to believe or disbelieve any witness solely because of his status. It was her affirmative response to that question that presented the problem. The question was focused on "possible preconceived opinions toward the credibility of certain classes of persons." Section 28 did not require the judge to pursue this point further. Although preferably he might have asked a clarifying question of the prospective juror, we see no abuse of discretion in the judge's action.

3.  The judge did not abuse his discretion in denying the defendant's motion that the jury take a view of the prison at Walpole. See *Commonwealth* v. *Campbell,* 378 Mass. 680, 704-705 (1979); *Commonwealth* v. *Curry,* 368 Mass. 195, 197-198 (1975). The judge appropriately considered the defendant's arguments for taking a view, tested them against the factual issues the jury were to consider, and reasonably concluded in his discretion that a view would not materially assist the jury.

4.  The judge exercised his discretion not to allow the defendant's motion in limine to exclude evidence of his prior convictions. The judge was aware that he had discretion to bar the use of the defendant's prior convictions for impeachment, if the defendant testified. The judge declined to act on the motion before the trial began and again just before the defense rested. The judge indicated that he would rule on the matter at the time the Commonwealth chose to use the prior convictions for impeachment of the defendant. The defendant did not testify, and the defense rested.

We have stated that the judge's exercise of discretion as to whether such convictions may be admitted in evidence is unreviewable (barring a constitutional challenge of merit). *Commonwealth* v. *Caldron,* 383 Mass. 86, 94 (1981). *Commonwealth* v. *Diaz,* 383 Mass. 73, 80 (1981). We have suggested that it is "desirable, if feasible" that the decision be made early in the trial. *Id.* at 81. The defendant urges us to require that a trial judge rule on the admissibility of the defendant's prior convictions at least before the defendant takes the stand. As long as the judge exercises discretion and there is no unfairness in a due process sense (*Commonwealth* v. *Chase,* 372 Mass. 736, 750 [1977]), the statutory provisions (G. L. c. 233, § 21) concerning the admission of evidence of prior convictions control, and we will not require that a trial judge act on the admissibility of prior convictions before evidence of them is offered.[2]

5. The defendant argues, under G. L. c. 278, § 33E, that we should direct the entry of a lesser degree of guilt — manslaughter or, at the most, murder in the second degree — because in plea negotiations the prosecutor had recommended a plea to manslaughter with a sentence that would have added six years of incarceration beyond what the defendant was then serving. The trial judge commented to both counsel, after the Commonwealth had rested, that, if the defendant were to plead guilty to manslaughter, he would impose a sentence that would in effect add four years and eight months to the defendant's time in prison. The defendant declined to plead guilty to manslaughter and, after he was found guilty of murder in the first degree, the judge imposed the mandatory life sentence without the possibility of parole.

Our focus under § 33E is on the trial and on the circumstances of the crime. The evidence warranted the conviction. Contrary to the defendant's contention, there were no mitigating or ex-

---

[2] The prospect of prejudice because of impeachment by evidence of prior convictions was not as great in this case as in many others. The fact that the defendant was an inmate in the prison at Walpole could not have been kept from the jury and thus the jury would know that the defendant had previously committed a serious crime.

tenuating circumstances that suggest that this homicide plainly does not fit in the category of a murder in the first degree.

We see no injustice in holding the defendant to his choice. Plea bargaining offers have no bearing on our obligation under G. L. c. 278, § 33E, to consider whether justice may require the entry of a verdict of a lesser degree of guilt. The defendant declined what now appears to have been a favorable opportunity to plead guilty to a lesser charge and receive a sentence far less severe than he ultimately received. Instead he took a chance, hoping for a not guilty verdict, and lost. The protections of § 33E are not designed to rectify plea bargaining decisions that turned out poorly, and, particularly so, when the defendant himself made that tactical decision, after consultation with counsel and after reflection over several days. In short, the defendant made a poor choice.

*Judgment affirmed.*