## COMMONWEALTH *vs.* CALVERT KNIGHT, JR.

Suffolk.    February 7, 1984. — June 15, 1984.

Present: WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Evidence,* Prior conviction, Judicial discretion. *Practice, Criminal,* Judicial discretion, Impeachment by prior conviction, Sentence.

The record of a criminal trial supported the conclusion that the judge's denial of the defendant's motion to exclude evidence of his prior convictions was based upon a proper exercise of the judge's discretion, rather than upon an erroneous view that, under G. L. c. 233, § 21, the judge had no discretion to allow the motion. [194-196]

The fact that a criminal defendant, convicted after trial, was given a longer sentence than were his two codefendants who had pleaded guilty did not constitute an unconstitutional punishment for the defendant's exercise of his right to trial by jury, where it was clear from the record that the sentences were based on the judge's assessment of each defendant's prior record, age, and character. [196-197]

INDICTMENT found and returned in the Superior Court Department on May 15, 1981.

The case was tried before *Roger J. Donahue,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Randolph M. Gioia* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J.   The Appeals Court determined that there was no error in denying the defendant's motion for a required finding of not guilty, but felt "constrained to reverse" the defendant's conviction of armed robbery while masked because the trial judge failed to exercise discretion in ruling on the defendant's motion to exclude evidence of his prior convictions from being used to impeach the defendant's credibility. *Commonwealth* v. *Knight,* 16 Mass. App. Ct. 622, 623 (1983). We agree

with the Appeals Court's well-reasoned analysis on the issue of the defendant's motion for a required finding of not guilty or, in the alternative, for a required finding of not guilty of so much of the indictment as charged being masked. *Id.* at 623-627. However, we conclude that the record supports a determination that the judge knew he had discretion to exclude the defendant's prior convictions but chose to exercise his discretion to permit the prosecutor to use them. We therefore affirm the conviction.

At the close of the Commonwealth's case, the prosecutor informed the judge and defense counsel that, if the defendant elected to testify, the Commonwealth would seek to introduce evidence of prior convictions to impeach the defendant's credibility. See G. L. c. 233, § 21. Defense counsel moved to have the convictions excluded on the ground that many of the prior convictions were for armed robbery and hence would be "very, very prejudicial." Defense counsel suggested that the jurors would be influenced by them in considering the merits of the instant case.

The prosecutor stated that "under the recent case law, the *Diaz* case, I think it is, . . . even if [the convictions are] similar in nature it's within the discretion of the judge to let them in." Defense counsel agreed that use of the convictions to impeach was a ruling within the judge's discretion.

After hearing argument from both counsel, the judge said, "It is my belief that we are dealing with a statute here, Section 21 of Chapter 233, and until the Legislature decides to change that statute, if they ever do, any attorney may introduce convictions which come under that statute either in a civil or a criminal proceeding. That would apply to the District Attorney or defense counsel . . . ." The judge denied the defendant's motion and noted defense counsel's objection. The defendant did not testify.

In reversing the conviction, the Appeals Court concluded that the judge's "language . . . appears to be a ruling that the judge had no discretion to exclude the convictions." *Commonwealth* v. *Knight,* 16 Mass. App. Ct. 622, 627 (1983). We agree with the Appeals Court that "a ruling that the court has no

power to allow [a motion], when in truth the allowance is discretionary, is an error of law that can be corrected on [appeal]." *Peterson* v. *Cadogan,* 313 Mass. 133, 134-135 (1943). "It is one thing to consider that right [to admit or exclude prior convictions] and exercise it either way, but having been given that right, analogous to discretion, it is the duty of the judge to exercise it, and it is error as a matter of law to refuse to exercise it." *Commonwealth* v. *Edgerly,* 13 Mass. App. Ct. 562, 571 (1982).

Clearly, judges now have discretion to preclude the use of prior convictions to impeach a defendant's credibility.[1] "In the *Chase* case, 372 Mass. [736,] 750 [1977], qualifying our decision in *Commonwealth* v. *West,* 357 Mass. 245, 249 (1970), and building upon thoughts expressed in *Commonwealth* v. *DiMarzo,* 364 Mass. 669, 680-682 (1974) (Hennessey, J., concurring), and *Commonwealth* v. *Delorey,* 369 Mass. 323, 331 (1975) (Hennessey, J., concurring), we said that 'we would not deny the right of a judge to avoid any question of unfairness by excluding such evidence in a situation where the likely prejudice to the defendant is most intense.' However, this was not put in terms of reviewable discretion, and we have held that the refusal of a trial judge to exercise the 'right' mentioned in *Chase* is not a basis for appeal." *Commonwealth* v. *Diaz,* 383 Mass. 73, 80 (1981). See *Commonwealth* v. *McTigue,* 384 Mass. 814, 815 (1981). Thus, "[a]s long as the judge exercises discretion and there is no unfairness in a due process sense (*Commonwealth* v. *Chase,* 372 Mass. 736, 750 [1977]), the statutory provisions (G. L. c. 233, § 21) concerning the admission of evidence of prior convictions control." *Commonwealth* v. *King,* 391 Mass. 691, 695 (1984).

---

[1] Of course, if a defendant moves to exclude evidence of prior convictions for impeachment purposes, the judge may condition such exclusion on the defendant's agreement not to impeach the credibility of the Commonwealth witnesses by the use of prior convictions. We note, however, that, where a defendant seeks to impeach a witness on the ground of bias, see *Commonwealth* v. *Ferrara,* 368 Mass. 182, 189 (1975), the judge may be required to permit the defendant to impeach the witness with the witness's prior convictions. See *Davis* v. *Alaska,* 415 U.S. 308, 320 (1974).

The narrow question before us is whether the judge knew he had discretion and exercised it, or believed that his decision was compelled by the statute. We believe the record can support a conclusion that the judge knew he had discretion and exercised it in favor of the Commonwealth.

During the hearing on the motion, both counsel told the judge that a ruling either way was within his discretion, and each urged the judge to exercise discretion in favor of his position. Thus, this is not a case where the judge was unaware of his right to use discretion. Cf. *Commonwealth* v. *McFarland,* 15 Mass. App. Ct. 948, 949 (1983) (prosecutor argued that the judge had no discretion; judge stated that he was "bound" by the statute). During the hearing, the judge noted that the Commonwealth would "have to prove this defendant joined that so-called joint enterprise to commit the crime of armed robbery and the only — the evidence against your defendant was that he was in an automobile which took one of the other defendants away." He also noted that the Commonwealth had the burden of proof. We think the judge's comments on the nature of the Commonwealth's case and its burden of proof during the proceedings support a conclusion that the judge knew he had discretion and exercised it in favor of the Commonwealth. Compare *id.* ("[T]he judge denied the motion, noting that 'until the Legislature accepts the Supreme Judicial Court's invitation to deal with an amendment to . . . [G. L. c. 233, § 21], I feel that I am bound by the simple terms of that statute'"). Cf. *Commonwealth* v. *Diaz,* 383 Mass. 73, 80 (1981). The judge's comment that he would always permit the use of prior convictions to impeach was unfortunate and should not have been made. However, the record viewed as a whole indicates that "[t]he judge was aware that he had discretion to bar the use of the defendant's prior convictions for impeachment," *Commonwealth* v. *King,* 391 Mass. 691, 694 (1984), and considered, albeit less thoroughly than we might wish, the impact of admission of the convictions in the particular case.[2]

---

[2] The judge could have concluded that, in light of the defendant's prior convictions, the defendant could have had little, if any, incentive to tell the

We conclude that reversal of the conviction is not required. See *Commonwealth* v. *Diaz, supra* at 80.

The defendant also alleges that he was denied due process because he was punished for exercising his right to a jury trial. Specifically, the defendant argues that, because his two codefendants who pleaded guilty were given shorter sentences, we should conclude that his sentence was unconstitutionally imposed.[3] The defendant has failed to provide us with the records and social histories which the probation department had compiled for the trial judge. Thus, this issue is not properly before us.

We observe, however, that on the limited record before us, it is clear that the judge based his sentences on an assessment of each defendant's prior record, age, and character. It is also clear that the defendant had the most extensive prior criminal record of the men involved in this robbery. The judge also noted that the disparity in the prosecutor's sentencing recommendation for Knight "had to do with [the defendant Knight's] past criminal record."

On the record before us there is no suggestion of vindictiveness on the part of the prosecutor or the judge, see *Longval* v. *Meachum*, 693 F.2d 236, 237-238 (1st Cir. 1982), cert. denied, 460 U.S. 1098 (1983). "The judge is permitted great latitude in sentencing, provided the sentence does not exceed statutory limits. *United States* v. *Latimer*, 415 F.2d 1288 (6th Cir. [1969])." *Commonwealth* v. *Celeste*, 358 Mass. 307, 310 (1970). "In addition to the nature of the offense, a wide variety

---

truth, and in such circumstances, it would not deny the defendant a fair trial to permit the Commonwealth to impeach the defendant with his prior convictions.

[3] "For any relief from the alleged severity of the sentences . . . recourse . . . is to the Appellate Division of the Superior Court under G. L. c. 278, §§ 28A-28D." *Commonwealth* v. *Whitehead*, 379 Mass. 640, 664 (1980). "We express no view as to how the Appellate Division should exercise its discretion in ruling on such an application, if made." *Lena* v. *Commonwealth*, 369 Mass. 571, 578 (1976).

of factors can be taken into account, such as the defendant's character, background and prior record." *Commonwealth* v. *Longval,* 378 Mass. 246, 253 (1979).[4]

*Judgment of the Superior Court affirmed.*

.

---

[4] There is no suggestion in the defendant's brief that the sentence exceeded any presumptive sentencing guidelines. Further, the sentence is well within the statute governing masked armed robbery. See G. L. c. 265, § 17.