### COMMONWEALTH *vs.* RAUL M. RUIZ.

Bristol.   April 8, 1987. — June 8, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Evidence,* Prior conviction, Judicial discretion. *Witness,* Impeachment. *Practice, Criminal,* Impeachment by prior conviction, Judicial discretion, Motion in limine.

At the trial of a criminal case there was reversible error in the judge's failure to exercise his discretion as to whether to permit the defendant to be impeached with his prior convictions. [215-216] NOLAN, J., dissenting.

INDICTMENT found and returned in the Superior Court Department on May 30, 1984.

The case was tried before *Robert S. Prince, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert L. Sheketoff* for the defendant.

*Dana A. Curhan,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. A jury in the Superior Court found the defendant guilty of unarmed robbery and assault and battery.[1] The defendant appealed, arguing that the trial judge failed to exercise discretion in permitting the defendant to be impeached with prior convictions. The Appeals Court reversed the defendant's conviction, 22 Mass. App. Ct. 297 (1986), and we granted the Commonwealth's application for further appellate review. We agree with the reasoning of the Appeals Court, and reverse the defendant's conviction.

The defendant testified at trial. On cross-examination, the prosecutor asked the defendant if he had previously been con-

---

[1] The conviction of assault and battery was placed on file. The defendant appeals only from the conviction of unarmed robbery.

victed of armed assault with intent to rob. Defense counsel objected, and the judge held a bench conference. The prosecutor stated that he intended to impeach the defendant with convictions of armed assault with intent to rob, illegal possession of a firearm, unlawful carrying of a firearm, and armed robbery while masked. The prosecutor offered to show the judge more recent convictions which were not admissible because the defendant had not been represented by counsel. The judge stated: "No. I don't have to have that as long as the statute is complied with, and I'm going to overrule the objection of counsel. I'll give a limiting instruction. It's the risk the defendant takes. There was no previous motion in limine provided to this Court. I agree that I have a right — I have a duty to come to the side bench and determine whether or not the offenses that are offered fall within the statutory periods. If they do, and being felonies within ten years, once they have been satisfactorily indicated, as based on certified copies . . . ."

We have stated that, in admitting evidence of prior convictions to impeach a defendant, we will review "whether the judge knew he had discretion and exercised it, or believed that his decision was compelled by the statute." *Commonwealth* v. *Knight,* 392 Mass. 192, 195 (1984). See *Commonwealth* v. *Guilfoyle,* 396 Mass. 1003, 1004 (1985); *Commonwealth* v. *McFarland,* 15 Mass. App. Ct. 948, 949 (1983). See also *Commonwealth* v. *Maguire,* 392 Mass. 466, 470 (1984) (appellate courts will review exercise of judge's discretion). We agree with the reasoning of the Appeals Court in concluding that the judge did not exercise discretion in admitting the prior convictions. From the record, it appears that the judge concluded that he only had to ensure that the prior convictions fell within the statutory periods because the defendant had not made a motion in limine. While a motion in limine will often be the most opportune method of seeking a ruling on the admissibility of prior convictions,[2] a defendant is not required to

---

[2] In this case, the defendant's interests would have been better served by a motion in limine. As it was, the defendant interposed objection only after a leading question by the prosecutor had brought the subject of prior convictions to the jury's attention.

make a motion in limine to object to the introduction of prior convictions and to seek the judge's ruling. Such a requirement would serve only as a trap for the unwary defendant. The defendant appropriately sought a ruling from the judge on the Commonwealth's attempting to introduce the prior convictions on cross-examination of the defendant.

*Judgment reversed.*

*Verdict set aside.*

NOLAN, J. (dissenting). In *Commonwealth* v. *Knight,* 392 Mass. 192, 193 (1984), we declined to reverse a judgment of conviction (which the Appeals Court had reversed) based on the conclusion that the judge was aware of his discretion when he ruled that he would allow in evidence the defendant's prior convictions. In *Knight,* the trial judge said, "It is my belief that we are dealing with a statute here, Section 21 of Chapter 233, and until the Legislature decides to change that statute, if they ever do, any attorney may introduce convictions which come under that statute either in a civil or a criminal proceeding." We approved the judge's action in permitting the prior convictions to be introduced in evidence because we were satisfied that the judge knew he had discretion. We said that he knew of his discretion because counsel told him that he had discretion. For all practical, as well as material purposes, *Knight* is indistinguishable from the instant case.

In the instant case, apparently the court reverses because counsel did not tell the judge that he had discretion in admitting the prior convictions and the judge did not say that he had discretion. However, there is nothing to indicate that the judge thought that he had no discretion. This conviction should not be reversed because the judge neglected to utter the words, "I have discretion, but I shall admit . . . ."

I dissent.