COMMONWEALTH *vs.* JULIUS MANNING. No. 97-P-1090. August 18, 1999. *Evidence*, Judicial discretion, Impeachment of credibility, Prior conviction. *Witness*, Impeachment.

The defendant appeals from conviction of armed robbery, G. L. c. 265, § 17, and assault and battery with a dangerous weapon, G. L. c. 265, § 15B. At trial, the defendant's sole witness was a roommate who offered an alibi for the defendant. The Commonwealth advised the judge in advance that it planned to impeach the roommate with a prior conviction of indecent assault and battery. See G. L. c. 233, § 21. The defendant objected, arguing that the offense of indecent assault and battery was of little relevance to the roommate's credibility. In overruling the defendant's objection, the judge stated, "This is a witness, sir, not the defendant. I don't make these kinds of discretionary calls. He's entitled to impeach if it falls within the statute and he has a certified copy."

It is a stretch to argue, as the Commonwealth does, that the judge exercised her discretion to allow use of the prior conviction. The more natural reading is that the judge ruled that her discretion to exclude such impeachment extended only to the testimony of the defendant himself, not to the testimony of other defense witnesses. The ruling was in error. The duty of the judge to exercise discretion regarding impeachment by prior convictions applies equally to the testimony of parties and of other witnesses. *Commonwealth* v. *Buckman*, 20 Mass. App. Ct. 121, 123-124 (1985). *Commonwealth* v. *Houston*, 46 Mass. App. Ct. 378, 381 (1999). See *Commonwealth* v. *Burnett*, 417 Mass. 740, 743, n.1 (1994). "[I]t is the duty of the judge to exercise [discretion], and it is error as a matter of law to refuse to exercise it." *Commonwealth* v. *Knight*, 392 Mass. 192, 194 (1984), quoting from *Commonwealth* v. *Edgerly*, 13 Mass. App. Ct. 562, 571 (1982). See *Commonwealth* v. *Ruiz*, 22 Mass. App. Ct. 297, 301 (1986), *S.C.*, 400 Mass. 214 (1987).

*Judgments reversed.*

*Karen Elizabeth Morth* for the defendant.

*Dean Mazzone*, Assistant District Attorney, for the Commonwealth.