NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12768


ROY GOODWIN  vs.  COMMONWEALTH.


November 21, 2019.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Execution of sentence, Stay of
     proceedings.


     The petitioner, Roy Goodwin, appeals from a judgment of a
single justice of this court denying his petition pursuant to
G. L. c. 211, § 3, in which he sought a stay of execution of
sentence pending appeal.  We affirm.

     A Superior Court jury convicted Goodwin of numerous counts
of unlawful possession of a large capacity feeding device, in
violation of G. L. c. 269, § 10 (m), as well as several other
crimes.  The trial judge sentenced him to concurrent sentences
of from one to two and one-half years on the large capacity
feeding device convictions and to three years' probation on the
other convictions.  Goodwin filed a notice of appeal the same
day that he was sentenced, February 14, 2019.  He subsequently
filed a motion for clarification, which the judge allowed on
March 29, 2019 and a motion to revise or revoke sentence, which
the judge denied on April 17, 2019.  Goodwin then filed his
petition seeking to stay the execution of sentence in the county
court on April 29, 2019, which the single justice denied on June
17, 2019.

     Goodwin has now filed what appears to be a memorandum and
appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass.
1301 (2001), but he is not challenging an interlocutory ruling
of the trial court.  Although rule 2:21 does not apply here, it
is clear that Goodwin is not entitled to review pursuant to
G. L. c. 211, § 3, because he has an adequate alternative

remedy.  The proper place for Goodwin to seek a stay of execution of his sentence, pursuant to Mass. R. Crim. P. 31, as appearing in 454 Mass. 1501 (2009), and Mass. R. A. P. 6 (b), as appearing in 481 Mass. 1608 (2019), is, in the first instance, in the trial court and, if such motion is denied, with a single justice of the court in which the direct appeal is to be heard, in this case, the Appeals Court.[1]  In point of fact, after the single justice denied Goodwin's G. L. c. 211, § 3, petition, Goodwin filed, in the trial court, a motion for a stay of execution of sentence, on July 15, 2019.  After the trial judge denied the motion, Goodwin filed a motion to stay with a single justice of the Appeals Court, on July 31, 2019.  The single justice denied the motion (and on Goodwin's motion for reconsideration, again denied the stay), and Goodwin has now appealed, as is his right pursuant to Mass. R. A. P. 6 (b) (3), to a panel of the Appeals Court.[2]

The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

---

[1] Rule 6 (b) (1) of the Massachusetts Rules of Appellate Procedure provides in relevant part:

"In criminal cases, an application for a stay of execution of a sentence pending appeal must ordinarily be made in the first instance in the lower court. A motion for such relief may be made to the single justice of the appellate court to which the appeal is being taken, but the motion shall show that application to the lower court for the relief sought is not practicable, or that the lower court has previously denied an application for a stay or has failed to afford the relief which the applicant requested with the reasons given by the lower court for its action."

[2] We note, as well, that although Goodwin appears in this court pro se, he was represented by counsel at trial and is represented by counsel on appeal.  (Indeed, his counsel filed the motions to stay execution of sentence in the trial court and, subsequently, the Appeals Court.)  Goodwin does not have a right to "hybrid" representation, in part by counsel and in part pro se, and, where he is represented by counsel, we are under no obligation to entertain his pro se filings.  See, e.g., Commonwealth v. Molhino, 411 Mass. 149, 152-153 (1991).  See also Commonwealth v. Rodgers, 448 Mass. 538, 543 (2007) ("defendant acknowledges that, while he was still represented by counsel, the court was entitled to ignore [his] pro se filings").

<u>Judgment affirmed</u>.


The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Roy Goodwin</u>, pro se.