Richard Wallace HOUSTON, Appellant,

v.

STATE of Iowa, Appellee.

No. 2–59160.

Supreme Court of Iowa.

Nov. 17, 1976.

Jack L. Fortini, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from denial of postconviction relief. Petitioner Richard Wallace Houston was convicted in 1972 of burglary without aggravation and was sentenced as an habitual criminal. The conviction and sentence were affirmed on appeal. *State v. Houston*, 209 N.W.2d 42 (Iowa 1973). In his postconviction petition Houston contended he was denied his right of self-representation at trial and should not have been sentenced as an habitual offender. The postconviction court rejected these contentions. We affirm.

I. *Self-representation.* In contending he had a federal constitutional right to represent himself at trial, Houston relies on *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The State acknowledges that *Faretta* recognizes the federal constitutional right of a defendant in a state criminal trial, under the Sixth and Fourteenth Amendments, to proceed without counsel when he voluntarily and intelligently elects to do so. However, the State alleges that the *Faretta* decision, filed June 20, 1975, is not retroactive and that, in any event, Houston was not denied his right of self-representation in his 1972 trial.

The Supreme Court has not decided whether *Faretta* is retroactive. Other courts are divided on the issue. Compare

*Houston v. Nelson,* 404 F.Supp. 1108 (D.C. Cal.1975), holding it is not retroactive, with *People v. Holcomb,* 395 Mich. 326, 235 N.W.2d 343 (1975), holding it is. We do not reach that issue because we find Houston was not denied his right of self-representation in the trial involved here.

The record of pretrial proceedings shows Houston sought to waive counsel. The trial court had previously appointed attorney Clarence P. Glotfelty to represent him. The court permitted him to waive counsel but insisted on having attorney Glotfelty present in the courtroom to be available to Houston should he desire to use his services. The jury was informed that Houston was representing himself.

Like the postconviction court, we are unable to find any instance in the record in which Houston was not permitted to exercise his right of self-representation. He started personally to select the jury but asked the court to permit Glotfelty to finish the process. He made his own opening statement and conducted his own defense to the extent he desired to do so, except that the trial court required him to elect whether he or Glotfelty would cross-examine witnesses. This exception was made to assure an orderly proceeding. See *State v. Smith,* 215 N.W.2d 225 (Iowa 1974). The record shows Houston freely availed himself of Glotfelty's services throughout the trial. Yet he was not compelled to do so. Moreover, he even requested that Glotfelty be appointed to represent him on appeal.

In contrast, the trial court in *Faretta* forced Faretta to accept an assistant public defender as his attorney. The court rejected Faretta's request to act as co-counsel and attempts to make motions and required that his defense be conducted through appointed counsel. 422 U.S. at 810–811, 95 S.Ct. at 2529, 45 L.Ed.2d at 568. The difference between the *Houston* and *Faretta* trials is that Houston was permitted to represent himself whereas Faretta was not. Houston exercised the constitutional right which Faretta was denied.

Although the *Faretta* case does not appear to contemplate supplementing a defendant's right of self-representation by making counsel available to him at trial, as was done here, we do not find an infringement of Houston's right of self-representation in his trial.

The postconviction court did not err in holding Houston was accorded his right of self-representation.

■ II. *The habitual criminal statute.* In his direct appeal Houston attacked his sentence as an habitual criminal on the ground it deprived him of due process and a fair trial. We rejected his several arguments in support of this contention. *State v. Houston,* supra, 209 N.W.2d at 47. In his postconviction petition, Houston alleged that the habitual criminal statute, Code § 747.5, was not applicable because the essential events in the prior convictions relied on by the State as predicates for enhanced punishment did not occur in the sequence required. He relied on *State v. Conley,* 222 N.W.2d 501 (Iowa 1974). In resisting this allegation, the State asserted the issue was adjudicated in the appeal and cannot be relitigated, and the postconviction court agreed. We do not think the same issue was decided in Houston's appeal.

The habitual criminal statute involved here, Code § 747.5, provides:

"Whoever has been twice convicted of a crime, sentenced, and committed to prison * * * for terms of not less than three years each shall, upon conviction of a felony committed in this state after the taking effect of this section, be deemed to be a habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern."

In *State v. Conley,* supra, decided after Houston's appeal, we held that before a defendant may be sentenced as an habitual offender under § 747.5, the State must prove that he has previously been twice convicted, twice sentenced, and twice committed to prison for terms of not less than three years, that the commission of the

second offense was subsequent to his imprisonment upon conviction for the first, and that the commission of the principal offense was subsequent to his imprisonment for the second. In his direct appeal Houston did not raise an issue regarding the sequence of essential events in the prior convictions. Therefore he is not seeking relitigation of the issue.

However, his attack on the State's use of two of his prior convictions is barred for a different reason; he did not attack them in the habitual criminal proceeding on the ground now urged.

The record shows the State sought to establish three prior convictions, and the jury found all three were proven. The first was a conviction of receiving stolen property. The second was a conviction of larceny. Houston was sentenced to concurrent terms of not to exceed five years in the penitentiary on each of these offenses on the same date, April 17, 1967. The third conviction was of receiving stolen property. Houston was given a sentence on October 8, 1971, of not to exceed five years in the penitentiary on that conviction.

At trial the closest Houston came to pressing his present contention was an assertion that the third conviction could not be used under § 747.5 because the record showed he was released on appeal bond before serving any part of his sentence on that conviction. He argued that the statute requires sentences on predicate convictions actually to be served. We addressed this issue in *State v. Tillman,* 228 N.W.2d 38 (Iowa 1975), holding actual imprisonment on prior offenses is a prerequisite to their use in enhancing punishment under § 747.5. This would eliminate the third conviction relied on by the trial court in sentencing Houston as an habitual criminal.

However, § 747.5 only requires two prior convictions. At trial Houston did not challenge the use of the first two convictions relied on by the State on the ground that their essential events did not occur in the required sequence. He attacked them only on the grounds found to be without merit in his direct appeal. In his postconviction petition he alleged for the first time that the sequence required by the statute did not exist because he was admitted to bail on the first offense when the second occurred and the sentences on the subsequent convictions were concurrent. He did not preserve error on this contention at trial and cannot raise it for the first time in this postconviction proceeding. *Horn v. Haugh,* 209 N.W.2d 119 (Iowa 1973).

By answers to separate interrogatories, the jury found the State proved all three prior convictions relied on by the State. Because Houston did not preserve error at trial on the ground now urged in challenging the trial court's use of the first two convictions in sentencing him under § 747.5, his postconviction attack on those convictions on that ground comes too late, and the postconviction court did not err in refusing to vacate his sentence.

III. *Other claims.* Houston also contends the postconviction court erred in refusing to rule on a motion he filed and in failing to find the habitual criminal statute denies equal protection under the Fourteenth Amendment to the United States Constitution.

■ The filing which Houston asserts the trial court erroneously refused to rule on was a document labeled "Answer to State's Amended Resistance" filed after the postconviction court entered its judgment in the case. The document was not a motion, contained only a reiteration of legal arguments, and did not require ruling.

■ Houston's equal protection attack was not made at trial, on direct appeal, or in the postconviction court. It comes too late. Regarding the merits of the claim, see, generally, *Hack v. Auger,* 228 N.W.2d 42 (Iowa 1975).

We find no reversible error.

AFFIRMED.