STATE of Iowa, Appellee,

v.

Steven Melvin COOLEY, Appellant.

No. 0–430, 89–1076.

Court of Appeals of Iowa.

Jan. 29, 1991.

Linda Del Gallo, Acting State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., and William E. Davis, County Atty., for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Defendant, Steven Cooley, was charged with the crime of forgery. He was also accused of being a habitual offender. Cooley chose to represent himself; however, at the defendant's request, standby counsel was appointed to assist him in clarifying points of law and obtaining research materials.

The jury found Cooley guilty of forgery. Cooley was also found to be a habitual offender. He has appealed the resulting conviction and sentence.

Cooley contends the district court placed improper limits on his exercise of his sixth-amendment right to proceed pro se. He argues the court took actions having the practical effect of punishing him for proceeding pro se. (Among other things, he complains that the manner in which he was permitted to use law books, while jailed pending trial, resulted in an extended period of isolation confinement.) He also argues the court actively hindered his representation of himself by denying his requests to permit standby counsel to participate in the trial and by refusing on one occasion to let him consult with standby counsel.

Cooley also contends the supreme court erred and denied him due process by denying his motion to expand the record for this appeal. In this motion, he sought to expand the record to include the file of an unsuccessful habeas corpus action he had filed to protest the form of his confinement in the county jail prior to trial.

I. Self–Representation. Defendant contends the district court improperly limited his right to self-representation. He alleges the trial court, in effect, punished him for proceeding pro se by: (1) confining Cooley in isolation seven days a week to allow him to examine the books on weekends; (2) restricting standby counsel's participation

in the proceedings; (3) responding to one of defendant's requests for a side-bar conference with an "insinuation" to the jury that defendant's self-representation was the cause of any inconvenience; and (4) inviting an objection from the prosecution. We conclude defendant's allegation of punitive conduct is without merit.

■ A. Isolation of Defendant. Defendant requested the use of the courthouse library books to aid in the preparation of his case. Defendant informed the trial court that hardcover books were not permitted in the "general population" area of the jail. On March 16, 1989, the district court granted the motion "insofar as it is physically possible to do so." The court's order provided in part:

... The defendant is incarcerated, and the Court believes that he should not be allowed to be released without posting bail. Furthermore, it is the opinion of the Court that the time and efforts of the deputy sheriffs should not be taken up in order to enable the defendant to use the library to engage in his own defense. The defendant does have, however, court-appointed counsel to serve as an assistant to the defendant, and with the aid of court-appointed counsel and cooperation from the sheriff, it should be possible for the defendant to be able to do his legal research. The defendant has not taken steps to secure the presence of the sheriff at a hearing on this matter, and the sheriff is not a party, nor does the Court have jurisdiction over the sheriff. The Court, however, will enter an order which the Court believes to be feasible and request the cooperation of the sheriff. If this cannot be obtained, it will be incumbent upon the defendant to bring the sheriff before the Court for a hearing at which the sheriff can be heard.

NOW THEREFORE IT IS HEREBY ORDERED that the defendant shall be permitted to use the Grant Law Library under the following conditions:

\* \* \* \* \* \*

3. The sheriff shall arrange to have a place for the defendant to be where the defendant can receive the books and examine them over the weekend.

\* \* \* \* \* \*

This order fully complies with defendant's right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the United States Supreme Court recognized that preliminary research in preparation of trial was no less vital for a pro se prisoner than for a lawyer. *Id.* at 825–26, 97 S.Ct. at 1496–97. Therefore, legal research was deemed a prerequisite to meaningful court access and required "prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. at 1498 (emphasis added). In *State v. Simon*, 297 N.W.2d 206, 209 (Iowa 1980), our supreme court recognized "that *Bounds* allows for alternative means of trial preparation," either by allowing access to an adequate law library or by providing assistance from persons trained in the law. Defendant Cooley was provided assistance from standby counsel to aid in his trial preparation and, therefore, cannot complain he was denied access to the courts.

■ However, defendant contends that in order to comply with the trial court's order, he was placed in an isolation cell seven days a week. On April 6, 1989, defendant filed an "omnibus motion" asking the court to order his removal from isolation. The court denied this motion because it lacked jurisdiction over the sheriff. Defendant contends "the practice of confining him in isolation seven days a week to allow him to examine the books on weekends only amounted to nothing less than punishment for exercising his right of access to the courts."

We first note, the conditions of defendant's pretrial confinement are not properly before us in this appeal. These allegations are more properly addressed, and were in fact addressed, in another proceeding involving a writ of habeas corpus. With this in mind, the record is totally

devoid of any indication the *trial court* punished defendant for representing himself. Rather, the court's order concerning defendant's access to legal research materials indicates the trial court was respectful of defendant's rights and was attempting to ensure compliance with those rights in a reasonable manner. No support for the allegation of punitive motivation can be gleaned from the trial court's denial of defendant's "omnibus motion." We reject this argument as without merit.

■ B. Restriction of Participation of Standby Counsel. Defendant contends the trial court erred in refusing to grant defendant's request that standby counsel argue a motion in limine. He also alleges the trial court erred in refusing to allow standby counsel to make objections and in denying Cooley the opportunity to consult with counsel to make the objection himself.

Defendant never indicated he wished standby counsel to be allowed to make objections. Rather, defendant consistently and avidly expressed his desire to represent himself and perform all representative functions during trial. Standby counsel put questions to the defendant when he called himself as a witness; however, the questions had been previously formulated and written down by defendant. When standby counsel attempted to object during the State's cross-examination of defendant, the trial court remarked, "It's up to the Defendant to object." Defendant interposed no objection, even though he had objected on numerous occasions during the questioning of other witnesses. We refuse to find error on the part of the trial court under these circumstances.

■ Furthermore, the trial court did not deny defendant of an opportunity to consult with counsel. It is true standby counsel's request to "approach my client" (while defendant was on the stand) was denied. However, defendant did not request an opportunity to consult with counsel, even after standby counsel's attempted objection alerted defendant to a possibly objectionable line of questions. Defendant did not seek an opportunity to consult with counsel and, consequently, was denied nothing.

We now address defendant's other contention of error. Defendant Cooley filed a motion in limine. At the hearing on the matter, defendant began to argue the motion but then stated,

... I just need to consult one minute, please, your Honor. Could I just invite my legal assistant to proceed on this argument, just for this limited purpose?

THE COURT: ·No, you are representing yourself. The legal assistant is to advise you, but not make arguments to the Court because she is not representing you. If you want her to represent you and we can make a record of that, you would not be able to present any argument or question witnesses. So we're going to do this according to the rules.

MR. COOLEY: Picking up where I left off. There was an order filed that said ...

Defendant now complains the trial court placed improper limits upon his exercise of his sixth-amendment right to proceed pro se.

■ A criminal defendant has a sixth-amendment right to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This right is applicable in state criminal trials under the fourteenth amendment. *Houston v. State*, 246 N.W.2d 908 (Iowa 1976).

A defendant's right to self-representation plainly encompasses certain specific rights to have his voice heard. The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial.

*McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944, 949, 79 L.Ed.2d 122 (1984).

■ "Although advisory counsel is recommended when a defendant elects to proceed pro se, provision of standby counsel is not constitutionally required. [citation omitted.] Defendant does not have an absolute right to both self-representation and

assistance of counsel." *State v. Hutchinson,* 341 N.W.2d 33, 41 (Iowa 1983). *See also United States v. Weisman,* 858 F.2d 389, 391 (8th Cir.1988); *Faretta,* 422 U.S. at 834, n. 46, 95 S.Ct. at 2541, n. 46. Furthermore, "hybrid" representation is not constitutionally required and "[a] defendant does not have a constitutional right to choreograph special appearances by counsel." *McKaskle,* 465 U.S. at 183, 104 S.Ct. at 953. Where the defendant seeks "hybrid" representation, the trial court's determinations are reviewed for an abuse of discretion. *See United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir.1981) (cited with approval in *Hutchinson,* 341 N.W.2d at 41); *United States v. Tutino,* 883 F.2d 1125, 1141 (2d Cir.1989); *United States v. Mills,* 704 F.2d 1553, 1557 (11th Cir.1983). "[I]f the district court ha[s] discretion to deny hybrid representation outright, it ha[s] discretion, in granting defendant's request for hybrid representation, to place reasonable limitations and conditions upon the arrangement." *United States v. Nivica,* 887 F.2d 1110, 1121 (1st Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990).

■ We view defendant's request that standby counsel be allowed to argue the motion in limine as a request for "hybrid" representation. Therefore, we must determine whether the trial court's refusal to allow standby counsel to argue the motion in limine was an abuse of discretion. Our inquiry is whether the trial court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979).

■ Our review of the record assures us the district court did not abuse its discretion in refusing to grant defendant's request. The trial court made substantial accommodations to assist Cooley in the conduct of his pro se defense. At the hearing on defendant's motion to proceed pro se, the trial court held a lengthy dialogue with defendant concerning defendant's right to counsel. The trial court explained the potential hazards of proceeding pro se and that self-representation might be to defendant's detriment. Defendant indicated he clearly understood but wished to proceed pro se. The trial court granted defendant as much access to legal research materials as was feasible. Defendant sought the appointment of standby counsel to help defendant with accessing legal research materials and clarifying points of law. Again the trial court held a lengthy dialogue with defendant concerning the contours of standby counsel's participation. Defendant indicated counsel's participation would be limited as just described. The trial court is given considerable latitude and freedom of action to control and ensure orderly process at trial, *Hutchinson,* 341 N.W.2d at 42, and an expanded role by standby counsel could very well have created procedural complications and the potential for jury confusion as to counsel's status. The trial court was well within its discretion in holding defendant to his original request and in again offering him the opportunity to exercise his right to be represented by counsel. We do not find that the trial court's later refusal to expand standby counsel's participation an abuse of discretion.

■ We have also considered defendant's other alleged indications of the trial court's punitive behavior. We are unwilling to conclude two statements (taken out of context) in the course of a multitude of interactions between the judge, jury and defendant support a finding the trial court punished defendant for proceeding pro se. Rather, we conclude the record indicates defendant was granted the court's respect and patience. Defendant was not impeded in the exercise of his constitutional right of self-representation.

■ II. *Denial of Motion to Expand the Record.* Defendant contends the supreme court erred in denying his motion to expand this appellate record to include the record of the habeas corpus proceeding. Defendant concedes the appropriate method of achieving the desired result would have been by filing a bill of exceptions, Iowa R.Crim.P. 23.1(3)(d), but asks this court to relax the procedural requirements due to his lack of legal expertise. Defendant contends, "Due process demands a

less stringent view of what constitutes the record in this case." We disagree.

Defendant was repeatedly informed of the potential hazard of waiving his right to counsel and the availability of counsel's skill and training. The right of self-representation is not a license

> not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel."

*Faretta*, 422 U.S. at 834, n. 46, 95 S.Ct. at 2541, n. 46.

> We resist an impulse to waive proper procedure because defendant[ ] [was] unrepresented by counsel. A lay person who, without apparent reason other than a possible proclivity for courtroom combat, fails to utilize professional assistance should be ready to take the consequences.

*State v. Walker*, 236 N.W.2d 292, 295 (Iowa 1975). Defendant was not denied due process by the denial of his motion to enlarge the record; instead, defendant failed to take advantage of the opportunities he did have to make a record for appeal.

Defendant's allegations of error are rejected. The conviction and sentence are affirmed.

AFFIRMED.