**IN THE SUPREME COURT OF IOWA**

No. 109 / 06–1472

Filed September 26, 2008

**STATE OF IOWA,**

Appellee,

vs.

**CENECA ROMELE JOHNSON,**

Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, J. Hobart Darbyshire, Judge.

Appellant challenges district court's denial of his motion to suppress on grounds of res judicata and the district court's limitation on the participation of standby counsel. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, William E. Davis, County Attorney, and Amy K. Devine, Assistant County Attorney, for appellee.

**STREIT, Justice.**

Ceneca Johnson was arrested for robbery. He waived his right to counsel and elected to represent himself. The district court appointed standby counsel for Johnson. At the trial, the district court repeatedly told standby counsel he could not assist Johnson unless Johnson asked standby counsel for assistance. Because the trial court exercised reasonable discretion, we hold the district court properly limited standby counsel's participation. We also conclude a motion to suppress, challenging the validity of a search warrant, was without merit.

## I. Background Facts and Prior Proceedings.

On November 10, 2004, Ceneca Johnson robbed the Metrobank in Davenport. Gary Thompson, who lived nearby, witnessed Johnson walking towards the bank, with white bags in his pocket and a black stocking cap on his head. Thompson copied down the license plate number of Johnson's vehicle. In the time it takes to rob a bank, Thompson saw Johnson again, carrying a gun and white bags full of something to his vehicle. Thompson gave the police the license plate number. The car was registered to a Lawrence Johnson, who told officers his second cousin Ceneca Johnson was in the process of buying his car. After receiving a report the car was parked at an apartment (where Ceneca Johnson's grandmother lived), officers found Johnson there and arrested him. Using a search warrant, officers searched the apartment and discovered a duffle bag containing money matching the amount stolen from the bank and a BB pistol.

Johnson was charged with robbery in the first degree. He waived his right to counsel and elected to represent himself. The district court appointed standby counsel for Johnson. During the first trial of this

matter, Johnson filed a motion to suppress evidence challenging the validity of the search warrant. His motion was denied on grounds he had no standing. Johnson was found guilty and appealed, arguing, among other things, the district court erred in instructing the jury a BB gun was a dangerous weapon and in denying his motion to suppress. Only addressing the issue of the jury instruction, the court of appeals reversed and remanded for a new trial. At the second trial, Johnson again filed a motion to suppress evidence challenging the validity of the search warrant, which the court overruled on the grounds of res judicata.

During this second trial, the district court told standby counsel he could not assist Johnson unless Johnson asked standby counsel for assistance. Johnson, on the other hand, wanted standby counsel to readily volunteer information and make suggestions during the trial if he noticed anything Johnson had overlooked. The court admonished standby counsel against offering advice without Johnson's direct request. Johnson was found guilty and sentenced to ten years imprisonment. Johnson challenges the court's denial of his motion to suppress and the constitutionality of the district court's limitations on the involvement of his standby counsel.

The court of appeals did not address the issue of res judicata, instead reviewing the merits of the motion to suppress de novo. Finding the search warrant valid (there was sufficient probable cause to issue it), the court of appeals affirmed the district court's order denying Johnson's motion to suppress. Further, the court of appeals held the district court did not abuse its discretion in limiting standby counsel's participation at trial.

## II. Scope of Review.

We review questions of a constitutional dimension de novo, based on the totality of the circumstances. *State v. Bumpus*, 459 N.W.2d 619, 622 (Iowa 1990). However, we do not make an independent determination of probable cause; rather, we determine whether the issuing judge or magistrate had a substantial basis for concluding probable cause existed. *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997). In our analysis, we examine only the information actually presented to the judge or magistrate. *Id.*

We conduct a de novo review when the defendant's Sixth Amendment right to counsel or self-representation is at issue. *State v. Rater*, 568 N.W.2d 655, 657 (Iowa 1997). We review the district court's limitations on standby counsel's participation at trial for an abuse of discretion. *State v. Cooley*, 468 N.W.2d 833, 837 (Iowa Ct. App. 1991). Only when a court exercises discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable" does a court abuse its discretion. *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976).

## III. Merits.

**A. Motion to suppress.** The doctrine of res judicata is inapplicable in this case. When Johnson appealed his first conviction, he argued the district court erred not only in its jury instruction but also in denying his motion to suppress evidence. *State v. Johnson*, No. 05-0558, 2006 WL 1279119, at *1 (Iowa Ct. App. May 10, 2006). In reversing and remanding, the court of appeals addressed only the jury instruction issue, declining to address the other issues raised by Johnson. *Id.* at *3.

As Johnson appealed the denial of his motion to suppress and the court of appeals did not address the issue, res judicata does not apply. *Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2006). Since Johnson preserved the issue of the denial of his motion to suppress on his first appeal, he should not be foreclosed from litigating it again on the grounds of res judicata. To hold otherwise would require Johnson to argue in this second appeal the matters urged in his first appeal (with the record for that appeal) but not ruled upon by the appellate court. This procedure would be needlessly confusing.

However, the district court's failure to rule on the motion to suppress in Johnson's second trial was harmless. Upon a de novo review, the search warrant Johnson challenges is valid. Under the Fourth Amendment, search warrants must be supported by probable cause, which is determined by the totality of the circumstances. *Gogg*, 561 N.W.2d at 363.

Based on the totality of the circumstances, the issuing magistrate had a substantial basis for concluding probable cause existed. *Id.* He was presented with more than enough evidence to issue a valid search warrant. The officer's affidavit accompanying the search warrant application included the following information: witness Thompson's account of seeing Johnson walk towards the bank and then walk back a short while later with a gun and a bag of something; the license plate number of the getaway vehicle; officers located the car in front of the apartment building in question; Lawrence Johnson told officers Ceneca Johnson was in possession of the car; Ceneca Johnson's grandmother lived in that apartment; and the identification of Ceneca Johnson out of a photo line-up by four out of five witnesses. This affidavit provides

sufficient probable cause to issue a warrant to search the apartment. Thus, even if the judge in the second trial had reviewed Johnson's motion to suppress, the motion would have been denied since there was sufficient probable cause for the warrant's issuance.[1]

**B. Standby counsel.** The Sixth Amendment guarantees the right to self-representation as well as the right to counsel. *Faretta v. California,* 422 U.S. 806, 821, 95 S. Ct. 2525, 2534, 45 L. Ed. 2d 562, 574 (1975). These rights are mutually exclusive; a "[d]efendant does not have an absolute right to both self-representation and assistance of counsel." *State v. Hutchinson,* 341 N.W.2d 33, 41 (Iowa 1983). However, when an individual exercises his or her right to self-representation, "a trial court may appoint 'standby counsel' to assist the *pro se* defendant in his defense." *McKaskle v. Wiggins,* 465 U.S. 168, 170, 104 S. Ct. 944, 947, 79 L. Ed. 2d 122, 128 (1984); *accord Rater,* 568 N.W.2d at 658. Although "[p]articipation by counsel with a *pro se* defendant's approval is . . . constitutionally unobjectionable," the trial court is not constitutionally required to appoint standby counsel. *McKaskle,* 465 U.S. at 182–83, 104 S. Ct. at 953, 79 L. Ed. 2d at 136. In balancing the roles of the *pro se* defendant and standby counsel, the trial court must ensure "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury" and participation by standby counsel does not "destroy the jury's perception that the defendant is representing himself." *Id.* at 178, 104 S. Ct. at 951, 79 L. Ed. 2d at 133.

---

[1]Johnson's second motion to suppress also included two claims not included in his first motion to suppress: (1) the officer made a misleading statement in his affidavit, and (2) the magistrate failed to establish the credibility of Lawrence Johnson. We agree with the analysis of the court of appeals that neither claim has merit. *Johnson,* 2007 WL 4322062, at *3.

Today we decide what limitations a trial court may place on standby counsel.

Standby counsel is a type of advisory counsel[2] and serves two main purposes: (1) "to act as a safety net to ensure that the litigant receives a fair hearing of his claims," and (2) "to allow the trial to proceed without the undue delays likely to arise when a layman presents his own case." *Rater*, 568 N.W.2d at 658. Standby counsel is particularly important

> to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals.

*McKaskle*, 465 U.S. at 184, 104 S. Ct. at 955, 79 L. Ed. 2d at 137. Standby counsel is not the same as co-counsel[3] and does not enjoy the same privileges and obligations as a lawyer who is appointed to represent the defendant as counsel or co-counsel. The Ninth Circuit has explained the differences between advisory counsel (or standby counsel) and co-counsel:

---

[2] " 'Standby' counsel refers to the situation where a *pro se* defendant is given the assistance of advisory counsel who may take over the defense if for some reason the defendant becomes unable to continue." *Locks v. Sumner*, 703 F.2d 403, 407 n.3 (9th Cir. 1983).

[3] The term "hybrid representation" encompasses both standby counsel and a lawyer appointed as co-counsel with the defendant. *Commonwealth v. Molino*, 580 N.E.2d 383, 385 n.5 (Mass. 1991). There are a few cases where the defendant served as co-counsel. In *United States v. Nivica*, 887 F.2d 1110, 1121–22 (1st Cir. 1989), *cert. denied*, 494 U.S. 1005 (1990), the trial court allowed defendant Wellington to serve as co-counsel, with his appointed attorney as lead counsel. The court later permitted Wellington to serve as lead counsel, with his appointed attorney as co-counsel. *Nivica*, 887 F.2d at 1122. In *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976), the trial court treated the defendant and his counsel as co-counsel, and the circuit court of appeals did not find that the trial court abused its discretion when it placed limits on defendant's participation as co-counsel.

> Advisory counsel is generally used to describe the situation when a *pro se* defendant is given technical assistance by an attorney in the courtroom, but the attorney does not participate in the actual conduct of the trial. In the co-counsel situation, the attorney may participate directly in the trial proceedings with the defendant (examining witnesses, objecting to evidence, etc.).

*Locks v. Sumner*, 703 F.2d 403, 407 (9th Cir. 1983).

Johnson argues the *pro se* defendant has the right to define the role of his standby counsel, and any limitations placed on standby counsel's participation contravene his right to defend himself. The relationship between standby counsel and a *pro se* defendant is markedly different from the relationship between a defendant and his lawyer. Here, Johnson's counsel was standby counsel and not co-counsel.[4] Johnson acted as his own lawyer and knowingly took on the risks associated with *pro se* representation. *See Faretta,* 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46, 45 L. Ed. 2d at 581 n.46 ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' ").

Limitations placed on standby counsel do not interfere with a *pro se* defendant's constitutional right to self-representation. Since standby counsel is not constitutionally required, it seems only logical limitations on standby counsel are not unconstitutional. Although the United States Supreme Court has not ruled on the issue of limiting standby counsel, federal appellate courts and the Iowa Court of Appeals have. *United States v. Nivica,* 887 F.2d 1110 (1st Cir. 1989), *cert. denied,* 494 U.S.

---

[4]Although the judge allowed standby counsel to make legal motions, Johnson never asked for standby counsel to be elevated to co-counsel. The record reveals Johnson wished to maintain his *pro se* status throughout the trial.

1005 (1990); *Cooley*, 468 N.W.2d at 833.  According to the Court of Appeals for the First Circuit, "if the district court had discretion to deny hybrid representation outright, it had discretion, in granting defendant's request for hybrid representation, to place reasonable limitations and conditions upon the arrangement."  *Nivica*, 887 F.2d at 1121.  Similarly, in *Cooley*, the court of appeals recognized the district court's ability to place reasonable limitations on standby counsel and applied an abuse of discretion standard to determine whether the limitations were reasonable.  *Cooley*, 468 N.W.2d at 837.  The court explained,

> [t]he trial court is given considerable latitude and freedom of action to control and ensure orderly process at trial, . . . and an expanded role by standby counsel could very well have created procedural complications and the potential for jury confusion as to counsel's status.

*Id.* (citations omitted).

It is well established trial judges have considerable discretion over matters related to the orderly conduct of trial.  *State v. Harris*, 222 N.W.2d 462, 464–65 (Iowa 1974).  As we have explained, "[a] trial court has the duty to control and conduct its court in an orderly, dignified and proper manner."  *Schroedl v. McTague*, 169 N.W.2d 860, 867 (Iowa 1969).  Further, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom."  *Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46, 45 L. Ed. 2d at 581 n.46.  Given the interest in the orderly administration of trial and the fact appointing standby counsel is not constitutionally required, we find a trial court has the discretion to limit standby counsel so long as those limitations are reasonable.

Here, the district court asked Johnson's standby counsel to refrain from offering legal advice unless expressly requested by Johnson.

Standby counsel made repeated objections to the limit on interjections. The court explained limiting standby counsel's participation was necessary to maintain control over the courtroom and the trial. The district court correctly explained standby counsel was different than co-counsel: "There's a different relationship here right now between you and Mr. Johnson and co-counsel who might be representing another defendant. You are in this trial only here as standby counsel." Then the district court clarified its reasoning for admonishing standby counsel from interjecting during the trial:

> If you want to [offer your advice], you can wait until a recess and you can give him a note, but I will not—this whole process of you sitting there, it's just like you're the ventriloquist and Mr. Johnson is the dummy. And that was exactly what it looked like to me, you tugging on his sleeve every two seconds telling him to do something. First of all, oftentimes he doesn't understand what it is because you have the legal expertise and he doesn't, and so he bumbles it and I end up having to let something come in evidence that I wouldn't have if you were representing him. . . . [I]t extends and prolongs the proceedings and makes it just that much messier.
>
> . . . .
>
> [I]f Mr. Johnson wants to ask you a question about what to do, he can ask that question in open court. Otherwise, if you have things you want to suggest to him . . . you make a note of them and give them to him at the next break, but we're not going to have a situation here where it's simply you trying the case through Mr. Johnson. He has a constitutional right to defend himself. It's perfectly appropriate for him to do that.

The court's admonitions were directed at asserting logistical control over the courtroom, not at interfering with Johnson's ability to consult with standby counsel. The court even instructed Johnson on how he could appropriately consult with standby counsel without disrupting the trial.

> You can turn to [standby counsel] at the point where you're ready to stop cross-examining a witness and say to [standby counsel], Is there something else I should ask? I would not for a minute restrict your right to do that, Mr. Johnson.

Limiting standby counsel's participation to ensure the trial progressed in an orderly manner is not "clearly untenable or to an extent clearly unreasonable." *Blackwell*, 238 N.W.2d at 138. The district court did not abuse its discretion in limiting the participation of standby counsel.

**IV. Conclusion.**

Although the doctrine of res judicata is not applicable to the denial of Johnson's motion to suppress in his second trial since he preserved the issue on appeal, failing to allow him to relitigate the issue was harmless error as the search warrant was valid. The issuing magistrate had a substantial basis for concluding probable cause existed. Further, the trial court did not abuse its discretion when it limited the participation of Johnson's standby counsel. Since there is no constitutional right to standby counsel when a defendant is proceeding *pro se*, and the court's limitations were directed at ensuring the trial progressed in an orderly manner, limiting standby counsel's participation did not infringe on Johnson's Sixth Amendment rights.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Baker, J., who takes no part.