# IN THE COURT OF APPEALS OF IOWA

No. 15-0258
Filed May 11, 2016

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**CHAD MICHAEL KNIGHT,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Buchanan County, David F. Staudt, Judge.


　　　Chad Knight appeals his convictions for second-offense operating while intoxicated and third-offense possession of a controlled substance. **AFFIRMED.**


　　　Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

　　　Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.


　　　Considered by Danilson, C.J., Potterfield, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, Chief Judge.**

Chad Knight appeals following his convictions for second-offense operating while intoxicated and third-offense possession of a controlled substance. Knight elected to represent himself following several discussions with the court. Standby counsel was eventually appointed. He now contends the district court abused its discretion in denying his request for substitute standby counsel filed just days before trial. He also asserts a violation of his constitutional right to effective standby counsel.

"Our review of a district court's denial of a request for substitute counsel is for abuse of discretion." *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001). "To establish an abuse of discretion, [the defendant] must show that 'the court exercised the discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (citation omitted).

The district court did not abuse its discretion. The district court found that any difficulties in communication resulted from Knight skipping a scheduled meeting with standby counsel and failing to return counsel's phone calls. We agree with the district court that Knight's refusal to communicate with counsel for six months after her appointment did not provide grounds to grant substitute standby counsel on the eve of trial.

A criminal defendant does not have the right to both the assistance of counsel and self-representation. *State v. Johnson*, 756 N.W.2d 682, 687 (Iowa 2008). "These rights are mutually exclusive . . . ." *Id.* "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *State v.*

*Martin*, 608 N.W.2d 445, 450 (Iowa 2000) (citation omitted). The district court *may* appoint standby counsel to assist a pro se defendant in his defense. *Johnson*, 756 N.W.2d at 687. But "[t]he relationship between standby counsel and a pro se defendant is markedly different from the relationship between a defendant and his lawyer." *Id.* at 688.

Knight presents no authority that he has a constitutional right to effective standby counsel, but presuming he can provide such authority,[1] claims of ineffective assistance of counsel are generally preserved for possible postconviction-relief proceedings to allow counsel to defend themselves. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Accordingly, any claims relative to standby counsel's actions are preserved for possible postconviction relief.

We affirm the convictions.

**AFFIRMED.**

---

[1] *See United States v. Windsor*, 981 F.2d 943, 947 (7th Cir. 1992) ("This court knows of no constitutional right to effective assistance of standby counsel.").