# IN THE COURT OF APPEALS OF IOWA

No. 15-2091
Filed December 20, 2017

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**DON N. FRANKLIN,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Mark Hostager, District Associate Judge.

Don Franklin appeals following a bench trial after which he was found guilty of one count of interference with official acts and two counts of assault upon a police officer. **REVERSED AND REMANDED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kelly Huser, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Don Franklin appeals following a bench trial after which he was found guilty of one count of interference with official acts and two counts of assault upon a police officer. Franklin asserts he was denied his right to self-representation and there is insufficient evidence to sustain the assault convictions. We find sufficient evidence to support the assault convictions. But because Franklin's right to self-representation was improperly denied after he reasserted his right, we reverse and remand for a new trial.

**I. Background Facts.**

Viewing the evidence in the light most favorable to the State, the record shows the following. On July 23, 2015, Franklin and a friend were sitting at a bar in Dubuque. The friend was smoking a cigarette inside the bar, which is prohibited. The owner of the bar, David Lorenz, walked up to the friend, took the cigarette, and threw it out. A verbal argument between the owner, Franklin's friend, and Franklin ensued. Lorenz went outside the bar and, using a flashlight, flagged down a patrol officer who was in his vehicle across the street.

Officer Jonathan Brokens pulled across the street—going the wrong way on the one-way street—and stopped his vehicle in front of the bar. He exited the vehicle and was approached by Lorenz, who was followed by Franklin. The officer told Franklin to get off the street. When Franklin did not do so, Officer Brokens placed his hands on Franklin and directed him off the street. Franklin swatted the officer's hand away moved toward the sidewalk. Officer Brokens pulled out his pepper spray and sprayed Franklin's face. Two other officers, Corporal Deutsch and Officer Scott, arrived on the scene. Officer Brokens told

Franklin he was under arrest. All three officers were yelling at Franklin to go to the ground. Franklin did not get on the ground and asked repeatedly why he was being arrested. Officers Scott and Brokens tried to grab Franklin. Franklin pushed the officers away, causing Officer Brokens to fall to the ground, scraping his knuckle as a result. Both Corporal Deutsch and Officer Scott then sprayed more pepper spray at Franklin. The officers said Franklin was "taking a stance" and Officer Brokens then struck Franklin on the legs with his asp and Officer Scott tackled Franklin to the ground. As a result of the tackle, Officer Scott scraped his right elbow.

On July 24, 2015 the State filed a trial information officially charging Franklin with interference with official acts, and two counts of assault against a peace officer.[1] Franklin appeared for arraignment on August 11 and indicated he wished to represent himself. The district court found Franklin knowingly and voluntarily waived his right to counsel.

On October 19, the parties appeared for trial. Franklin refused to sit at counsel table and remained seated in the back of the courtroom.[2] He refused to stand when directed to do so by the court. The court addressed Franklin on the

---

[1] An additional charge of possession of marijuana was charged, but the trial court granted Franklin's motion for judgment of acquittal on that charge.

[2] Franklin's reasons for his behavior and verbal assertions during this time align with the "sovereign citizen" movement. *See, e.g.*, *Fisherman v. State*, No. A15-1903, 2016 WL 3961939, at *3 (Minn. Ct. App. July 25, 2016) (noting Fisherman averred "his guilty plea was coerced; he was 'not properly informed what was lawful and unlawful;' . . . that he rescinded all signatures waiving his right to a trial; that he was 'coerced . . . under fraud and deception by all parties by deceiving petitioner to believe the said court has subject matter jurisdiction;' and that there was no subject matter jurisdiction because 'accused persons get charged/indicted not by laws, but by codified versions of laws' . . .; and further averred that he was unaware of being considered a 'STRAWMAN/ CORPORATION and only knows himself to be a Living Being, Flesh and Blood, living breathing soul,' . . . typical of the Sovereign Citizen Movement").

record and indicated it was the court's position Franklin had been extremely disruptive. The court further warned Franklin that if he did not sit at the counsel table, the court would remove Franklin from representing himself and instead appoint stand-by counsel. The court then adjourned at 9:23 a.m. and indicated trial would commence at 9:30 a.m.

When trial commenced, Franklin indicated he believed he was being held under duress but did sit at counsel table. The parties then began jury selection. The State's voir dire was completed largely without an incident. However, during Franklin's voir dire, he made several attempts to strike for cause potential jurors who knew his stand-by counsel, Les Blair. In addition, on multiple occasions Franklin expressed his position that the court did not hold any jurisdiction over him. Eventually, Franklin indicated he would leave because he did not believe the district court was following the law. The court responded it would find Franklin in contempt and issue a warrant for his arrest if he left the courtroom. Franklin responded that he would no longer participate so the court "might as well" arrest him. The court then found Franklin in contempt and ordered his arrest. These events occurred in the presence of the prospective jurors.

Following the removal of the prospective jurors, the State moved for a mistrial. The court declared Franklin had by his actions waived his right to represent himself. The court elevated attorney Blair from stand-by counsel to defense counsel. The court thereafter granted the motion for mistrial and reset trial for October 26, 2015, which date was rescheduled for November 9.

While the case was still set for a jury trial, prior to the trial beginning, attorney Blair indicated Franklin wished to waive his right to a jury trial and

instead proceed with a bench trial. Attorney Blair then made an oral motion for the court to allow Franklin to resume representing himself. In support, counsel noted the trial was now a bench trial instead of a jury trial, it had always been Franklin's wish to represent himself, and Franklin's conduct was no longer disruptive. The court ruled as follows:

> All right. I am not aware of any authority or guidelines and have not been given any on whether or not and under what circumstances a forfeited or waived right such as that would be reclaimed but I am—I am ruling that I do not believe that under the facts of this case that there is a sufficient basis. I don't find a sufficient basis to change Judge Richter's ruling in that regard simply on the basis that the trial is now a bench trial rather than a jury trial and so that's my ruling on that.

Franklin now appeals. He is not contesting the district court's initial removal from his own defense during the October 19, 2015 mistrial. He does, however, challenge the court's refusal to grant his request to represent himself during the November 9-10 bench trial. He asserts his right to self-representation was violated.

**II. Scope and Standard of Review.**

We must first address whether the State introduced sufficient evidence for a fact finder to find Franklin guilty beyond a reasonable doubt. We address this issue first because the Double Jeopardy Clause would not permit a retrial of the charges if there was insufficient evidence of guilt presented at trial. *See State v. Kern*, 831 N.W.2d 149, 158 (Iowa 2013).

"We review challenges to the sufficiency of the evidence presented at trial for correction of errors of law." *Id.*

We review questions of a constitutional dimension de novo based on the totality of the circumstances. *State v. Johnson*, 756 N.W.2d 682, 686 (Iowa 2008).

**III. Analysis.**

*A. Sufficiency of the evidence.* Franklin contends the evidence to show he acted with intent was insufficient to sustain his assault convictions. Iowa Code section 708.3A(4) (2015) has three elements: (1) an assault, (2) against a peace officer, and (3) the defendant knew the person was a peace officer. On appeal, we must decide whether there was substantial evidence to support a guilty verdict. *See Kern*, 831 N.W.2d at 158. Evidence is substantial if a rational finder of fact could determine a defendant is guilty beyond a reasonable doubt. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). We consider the record evidence viewed in the light most favorable to the State, "including all reasonable inferences that may be fairly drawn from the evidence." *State v Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (citation omitted).

To commit an assault, the person must act with the intent to cause pain or injury, the intent to have physical contact that will be insulting or offensive, or the intent to place another in fear of immediate physical contact. *See* Iowa Code § 708.1. Intent may be inferred from the defendant's actions and the circumstances of the transaction. *State v. Copenhaver*, 844 N.W.2d 442, 452 (Iowa 2014).

Viewing the evidence—and the inferences that fairly may be drawn from the evidence—in the light most favorable to the State, we find substantial evidence to support the assault convictions. The evidence shows Officers

Brokens and Scott were both in full uniform and arrived in police vehicles. Franklin slapped at and pushed the officers. Section 804.12 provides:

> A person is not authorized to use force to resist an arrest, either of the person's self, or another which the person knows is being made either by a peace officer or by a private person summoned and directed by a peace officer to make the arrest, even if the person believes that the arrest is unlawful or the arrest is in fact unlawful.

In slapping and pushing the officer, a rational fact finder could find Franklin acted with intent to have physical contact that would be insulting or offensive. Because there is sufficient evidence to support the assault convictions, we turn to the question of whether Franklin is entitled to a new trial.

> *B. Self-representation.*
>
> The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Fourteenth Amendment of the Federal Constitution makes this right binding on the states. *Faretta v. California*, 422 U.S. 806, 807 (1975). *Faretta* interpreted the Sixth Amendment to mean that it "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." [*Faretta*, 422 U.S.] at 819.
>
> The Sixth Amendment right to counsel is in effect until waived. *State v. Rater*, 568 N.W.2d 655, 658 (Iowa 1997). In contrast, the Sixth Amendment right to self-representation is not effective until asserted. *Id.* Before the right to self-representation attaches, the defendant must voluntarily elect to proceed without counsel by "knowingly and intelligently" waiving his or her Sixth Amendment right to counsel. *Faretta*, 422 U.S. at 835; *Rater*, 568 N.W.2d at 658. The defendant's request to proceed without counsel must be "clear and unequivocal." *Id.* In addition, "courts 'indulge every reasonable presumption against waiver' of fundamental constitutional rights . . . ." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (footnotes omitted) (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)).

*State v. Martin*, 608 N.W.2d 445, 449-50 (Iowa 2000).

Here, Franklin clearly invoked his right to represent himself prior to the bench trial. The State asserts once Franklin forfeited his right to self-representation by his conduct, the court's refusal to allow him to reassert that right was not an abuse of discretion.

We acknowledge the trial court has "considerable discretion over matters related to the orderly conduct of trial." *Johnson*, 756 N.W.2d at 689; *see also State v. Harris*, 222 N.W.2d 462, 464-65 (Iowa 1974). And we recognize "[t]he right of self-representation is not a license to abuse the dignity of the courtroom." *Faretta*, 422 U.S. at 834 n.46. But, the trial court's "duty to control and conduct its court in an orderly, dignified and proper manner," *Schroedl v. McTague*, 169 N.W.2d 860, 867 (Iowa 1969), must be balanced against the defendant's constitutional right of self-representation.

*Illinois v. Allen*, 397 U.S. 337, 338 (1970), offers a useful analogy. There, the United States Supreme Court addressed whether a defendant's right to confront the witnesses against him could be lost by the defendant's disorderly and disruptive conduct. The Court found the constitutional right to confrontation and the concomitant right to be present at trial, can be lost "if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Allen*, 397 U.S. at 342. However, the Court continued: "Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum

and respect inherent in the concept of courts and judicial proceedings." *Id.* at 342-43.

Here, we conclude Franklin could reclaim his right of self-representation "as soon as he was willing to conduct himself consistently with the decorum and respect inherent in the concept of the courts and judicial proceedings." *Id.* The district court's refusal to allow Franklin to reclaim his right to self-representation here was without adequate rationale. The record affirmatively shows the court found Franklin competent to represent himself and that he was voluntarily exercising his informed free will. *See Faretta*, 422 U.S. at 835. Franklin displayed no disruptive or disrespectful behavior on the day of the bench trial. In light of the fact we must "indulge every reasonable presumption against waiver," *Martin*, 608 N.W.2d at 450, we conclude that in forcing Franklin to accept court-appointed counsel, the district court deprived him of his constitutional right to conduct his own defense. *See Faretta*, 422 U.S. at 836.

Harmless-error analysis is not applicable where there is a violation of the right of self-representation. *Rater*, 568 N.W.2d at 661; *accord Martin*, 608 N.W.2d at 453 (reaffiming *Rater* position). Consequently, we reverse the convictions and remand for a new trial.

**REVERSED AND REMANDED.**