# IN THE COURT OF APPEALS OF IOWA

No. 16-2070
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHANE TYLER SMITH,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Story County, James B. Malloy,

District Associate Judge.


        A defendant appeals his conviction for failure to register as a sex offender.

**AFFIRMED.**


        Shawn Smith of The Smith Law Firm, P.C., Ames, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Potterfield, P.J., Mullins, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**POTTERFIELD, Presiding Judge.**

Shane Smith pled guilty to failure to register as a sex offender in violation of Iowa Code section 692A.111 (2016).  Smith argues his waiver of counsel prior to his plea and sentencing was not knowing, voluntary, and intelligent.  Smith also argues the State failed to comply with the plea agreement and his plea lacked a factual basis.

Smith was required to register as a sex offender under Iowa Code section 682A.  A compliance check in July 2016 revealed Smith had not resided at the shelter he had given in his registration for three weeks.  Smith was charged with failure to register as a sex offender.

During arraignment, Smith requested a new court-appointed attorney.  The district court informed Smith that if he wanted a new attorney, he would have to retain counsel with his own funds.  Smith asked to represent himself.  The court advised against self-representation.   Later, the court advised against self-representation again, stating:

> If at some point you change your mind and you decide you do want to have a court-appointed attorney, you can always reapply and I'll appoint the public defender's office. . . .  But Mr. Smith, I would really caution you against representing yourself, and [your previously appointed attorney] is a very, very good attorney, and she'll do an excellent job representing you.  So if you change your mind, we'll reappoint the public defender's office.

About two months later, when Smith had reached a plea agreement with the prosecutor, a plea hearing took place.  Smith appeared without counsel, and  the district court engaged in a colloquy with Smith regarding his self-representation:

> The first thing I have to go through with you is that you intend to represent yourself and you're waiving your right to an attorney.  I'm not trying to talk you out of representing yourself, but I want to make

sure you understand you do have the right to an attorney and if you can't afford counsel, I would appoint one for you at public expense.

Later the district court asked:

> Q: Do you understand you have the right to an attorney and that I would appoint an attorney for you if you're indigent?  A: Yes, your Honor.
> Q: Could you hire an attorney yourself if you wanted to?  A: No, your Honor.
> Q: Would you like to make application for court-appointed counsel?  A: No, your Honor.
> Q: Do you understand I would appoint one for you if you wished?  A: Yes, your Honor.
> Q: Do you understand that many people would consider it a substantial benefit to be represented by an attorney because an attorney trained in the law might see some defense you might have to the charge that you as a lay person might not see yourself?  Do you understand that?  A: Yes, your Honor.
> Q: Further, you realize that you're facing a jail sentence in this case.  It's a class "D" felony, so you're facing up to five years in prison on the charge and a maximum fine of $7,500?  A: Yes, your Honor.
> . . . .
> Q: Do you want to have any more time to think about whether you want to be represented by an attorney, or do you want to just simply waive your right to counsel and proceed with your guilty plea today?  A: Yes, your Honor.
> Q: And why are you wishing to waive your right to an attorney? A: . . . I just—I want to get it done with as soon as possible.  I've been in jail for like 90 days now, and I'm guilty.

Smith argues his waiver of counsel was not knowing, voluntary, and intelligent because the district court's colloquy regarding self-representation was insufficient.  The State agrees the colloquy during arraignment, upon which Smith's appellate brief relies, was insufficient but argues the district court's pre-plea colloquy ensured Smith's waiver of counsel was knowing and voluntary.  We agree.

"We conduct a de novo review when the defendant's Sixth Amendment right to counsel or self-representation is at issue."  *State v. Johnson*, 756 N.W.2d 682,

686 (Iowa 2008). "A defendant has a Sixth and Fourteenth Amendment right to self-representation under the United States Constitution." *State v. Cooley*, 608 N.W.2d 9, 14 (Iowa 2000). "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent oneself, an accused must knowingly and intelligently forgo those relinquished benefits." *State v. Rater*, 568 N.W.2d 655, 658 (Iowa 1997).

> The Supreme Court has imposed "rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting a waiver of the right to counsel at trial." A searching or formal inquiry is among the procedures required before an accused's waiver of counsel may be accepted. While the extent of a trial court's inquiry may vary depending on the nature of the offense and the background of the accused, some sort of meaningful colloquy must be accomplished.

*Cooley*, 608 N.W.2d at 14–15 (citations omitted). A voluntary and intelligent waiver includes the "nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Id.* at 15.

Here, the district court engaged in a meaningful colloquy with Smith regarding his waiver of his right to counsel. During the plea-change hearing, the district court discussed the nature of the charges, allowable punishments, possible exculpatory evidence, and the benefits to representation by counsel. The court asked the prosecutor about exculpatory evidence and the terms of the plea agreement. Smith insisted on proceeding without counsel. Smith's waiver of counsel was knowing, voluntary, and intelligent.

Next, Smith argues the State failed to comply with the plea agreement and his plea lacked a proper factual basis. However, Smith did not file a motion in arrest of judgment. He cannot claim ineffective assistance of counsel as an exception to error preservation because he represented himself. Smith claims error should be preserved because his waiver of counsel was not knowing, intelligent, and voluntary. Because we find Smith's waiver of counsel was knowing, intelligent, and voluntary, we do not reach Smith's claims regarding the plea agreement and a factual basis. We affirm.

**AFFIRMED.**