**IN THE COURT OF APPEALS OF IOWA**

No. 17-1861
Filed August 15, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CODY ALDEAN LOGAN,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Sioux County, Robert J. Dull, District

Associate Judge.


        Cody Logan appeals his conviction for possession of marijuana, second

offense.  **AFFIRMED.**


        Jared R. Weber of Weber Law Office, Orange City, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Following a trial on the minutes of testimony, Cody Logan was convicted of possession of marijuana, second offense, in violation of Iowa Code section 124.401(5) (2016). On appeal, Logan contends the district court erred in denying his motion to suppress evidence allegedly obtained as a result of an unlawful search of his residence. More specifically, Logan contends the warrant authorizing the search of his residence was not supported by probable cause.

Warrants must be supported by probable cause. "The existence of probable cause to search a particular area depends on whether a person of reasonable prudence would believe that evidence of a crime might be located on the premises to be searched." *State v. Davis*, 679 N.W.2d 651, 656 (Iowa 2004). This requires the applicant to establish "a nexus between criminal activity, the things to be seized, and the place to be searched." *State v. Green*, 540 N.W.2d 649, 644 (Iowa 1995). In determining whether probable cause exists, the issuing judge must "make a practical, commonsense decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983); *see Davis*, 679 N.W.2d at 656. In conducting appellate review of the issuing judge's determination, we do not make an independent determination of probable cause. *See State v. Johnson*, 756 N.W.2d 682, 686 (Iowa 2008). Instead, we determine only "whether the issuing judge or magistrate had a substantial basis for concluding probable cause existed." *Id.* When conducting our review, we only consider the information presented to the district court. *Id.*

In this case, the application for the search warrant contained the following information. The investigating officer had twenty-six years of law-enforcement experience. Logan resided at 1022 Walnut Street, Hull, Iowa, a single-family residence, with his girlfriend and her family. The investigating officer had personal knowledge that Logan had a history of drug use. Also residing at 1022 Walnut Street was another individual who was known by the investigating officer to be a drug user. The investigating officer observed significant foot traffic into and out of the residence during the month of December 2016. The investigating officer observed many vehicles coming and going from the home during the month of December 2016. The investigating officer, based on his training and experience, knew the traffic into and out of the residence at issue was consistent with drug use in the home or trafficking out of the home. On December 28, 2016, the investigating officer conducted a trash pull from the trash left outside 1022 Walnut Street. The investigating officer found eight small plastic baggies and three pieces of aluminum foil in the trash bags. Based on the officer's training and experience, the officer knew drugs were commonly packaged and stored in small plastic baggies similar to those found in the trash bags. The investigating officer observed a green leafy substance in the baggies. The green leafy substance tested positive for marijuana. The investigating officer observed small crystal particles in one of the small plastic baggies. The crystal particles tested positive for methamphetamine.

On appeal, Logan challenges several of the above-stated facts provided in support of the application, but the heart of his challenge is that there was insufficient evidence establishing a nexus between himself, the residence to be

searched, and drug activity. We disagree the application was deficient. We do not view each piece of information in the warrant in isolation; rather, we look at the totality of facts set forth in the warrant application. *See Davis*, 679 N.W.2d at 656 ("We use the totality of the circumstances standard . . . to determine whether probable cause has been established for the issuance of a search warrant."). Here, the investigating officer had significant experience. The officer identified Logan as a resident of the single-family home to be searched. The investigating officer knew Logan had a history of drug use. The investigating officer personally observed activity in the home consistent with drug use and trafficking. The officer conducted a trash pull from trash left outside the residence and found paraphernalia, marijuana, and methamphetamine. The application for the warrant was submitted immediately after the trash pull was conducted. These facts, in addition to the remainder of the facts set forth in the application, when considered together and not in isolation, provide a substantial basis for the issuing judge to find probable to issue the warrant. *See State v. Padavich*, 536 N.W.2d 743, 748 (Iowa 1995) (stating a suspect's past involvement with drugs and reputation is a factor when reaching a probable cause determination); *State v. Godberson*, 493 N.W.2d 852, 856 (Iowa 1992) ("An officer's expert opinion is an important factor to be considered by the judge reviewing a warrant application."); *State v. Jones*, No. 15-1520, 2016 WL 3281046, at *1 (Iowa Ct. App. June 15, 2016) (holding warrant supported by probable cause where observations of drug activity in single family residence were corroborated by trash pull and citing similar cases); *State v. Smith*, 476 N.W.2d 86, 89 (Iowa Ct. App. 1991) (finding probable cause where application contained information regarding known drug users).

The district court did not err in denying the defendant's motion to suppress evidence. We affirm the defendant's conviction.

**AFFIRMED.**